If I can frame the issue in this way, is there anything, is there any evidence in the record that demonstrates that a sentence in this case of 30 years fits the facts of the case? If a sentence, if there's any evidence in the record that justifies a 30-year sentence that fits the crime and the offender. Kennedy So you're trying to start off with the point that this is a substantively unreasonable sentence? Is that your first argument? Lepez-Alvarez Yes, it is unreasonable, and that there are no facts to support it, and therefore it was an abuse of discretion, because really that's the standard, to impose a sentence without anything in the record supporting that sentence, especially when it is such a high-end sentence. Kennedy Is there any authority that you have that, to the effect that the crime your client committed does not fit this sentence? Lepez-Alvarez Yes. If I can look at it starting from the guidelines, he is a 36-year-old man. He commits two drug deals with the agents that are worth $1,650. If his background, as far as his significant priors are, he has committed three drug deals spaced over 7 years. His sentence for those drug deals were 2 years. These are all at the bottom end of what we have in prison sentences, 2 years, 18 months, 2 years. Under the guidelines, just for those crimes in his prior record, his sentence would be between 10 and 11 years or 11 and 14 years. He was a Category 6. If he were a Category 1, his sentence would be 5 to 6 years. So already his priors, because of recidivism, his priors have increased his sentence double, from 5 to 10 or 6 to 12. The question is, is in jumping from, let's say, 12 years to 30, what in the record in this case, is there anything in the record that supports that type of jump? And I would suggest that there is nothing. Now, it is a clear case. Kennedy Is that where we go on? Or do we look at the 3553a factors, what the district judge said at the time of sentencing that was motivating the judge and so on? Aren't those what we're supposed to be looking at? Yes, but the 35, as I see it, the 35 I appreciate the fact that you feel, and certainly your client feels, this is too long. But you know that substantive unreasonableness is the most difficult argument you could possibly make. You've got lots of other arguments, and that's why I'm surprised you started with this one. This is a really, really difficult one, because in its wisdom, Congress left to the district court, the sentencing judge, whoever it might be, the discretion to, within the guidelines or departing or variance or whatever it may be, to make these determinations. Are we not almost bound unless there's some shocking, glaring, off-the-wall kind of a sentence? Well, I think in conjunction with what I was arguing is the procedural requirement that the judge under 3553 articulate reasons that can be rationally reviewed by the appellate court. But we don't hold that, do we? Don't we say, as long as it's clear the district judge has considered 3553a here, she does not have to articulate the reasons? I think there has to be. There are several cases to that effect, are there not? Yes. I agree there are several cases that set that principle. And obviously, I'm not arguing that we can go against that principle. But the thing is, is that there is nothing just to say that those phrases can't be said. I would suggest there has to be something in the record to support a 20-year jump in sentence. In what way does this sentence, is this sentence inconsistent with the guidelines? He has a 28 criminal scale on his crown. He's got a 15 criminal history. And it looks like he's a career criminal. He is. And so what's wrong with the – how is this inconsistent with the guidelines? It's not inconsistent. In fact, it is. Well, are you saying that we aren't supposed to follow the guidelines? What I'm suggesting – Well, the guidelines are unconstitutional, but we can look at them for decisive purposes. What I'm suggesting, and I believe this comes from the U.S. v. Rita case, is that if the court in its sentencing articulates or in the record, if in the record there are reasons under 3553 that justify a sentence that is the same as the guidelines, then it's reasonable to choose the guidelines. But at least in the record, there has to be something that justifies or matches the guidelines. And, yes, this is a guideline sentence. But there is nothing in the record to justify that 20-year jump. But, Counsel, with respect, I – you know, Judge Goodwin and you and your colleague, it's all come out here. What the judge did is certainly within the guidelines. No question about it. The question – you're saying the judge should have, you know, deviated tremendously, gone down, ignored the career criminal approach. You've conceded that he is one. I guess what I'm puzzled about is it seems like you're saying that the standard is not whether the district court acted within its discretion, but rather that it seems to be the burden of the district court to articulate beyond what we normally require a judge to do under 3553A in order to sustain a sentence that is clearly within the guidelines. Is that your position? No, it's not. What is it? At the extreme, I'm suggesting that when you have a sentence where the increase of what is being imposed is so great that there must be some rationale. Well, the Supreme Court – moving to a slightly different context. The Supreme Court, in considering the California three strikes cases, never required anything like that. Whether they're good, bad, or indifferent, that's not really the issue here. But the Supreme Court never required anything like that, and that's even, in some cases, more shocking because you don't necessarily have a career criminal. You may have a young person who steals bread three times kind of thing. It's almost a Les Miserables kind of thing. But they upheld it. No, I agree. And I don't have that case in front of me, but I think they were talking about a cruel and unusual punishment. And, of course, we're at totally different standards here and different reasoning. And I'm going on the reasoning of 3553, which requires an individualized sentence based on the facts in front of the court, and a sentence that is no greater than what is necessary. But the – I guess my point is, and I won't raise this anymore, is we don't require the district judge to articulate every thought that he or she has as he or she goes through the 3553A considerations, do we? No. So how do you win this issue, then? And all I'm suggesting is, yes, the judge is not required to articulate his reasons for each and every one of the factors in 3553. What I'm suggesting is that for there to be rational review, there must be something in the record. If I can frame it this way, his sentence has been doubled from 5 to 10 and 6 to 12. The issue at that point in time is how much for this man, for his record, for his record, how much extra should he be incapacitated for recidivism? Is it 5 years, 15, 20, 100? Is there any rational reason for choosing one or the other, or is it just a guess? I'm suggesting that this record makes it a guess, and you can't call it rational if you can simply guess if it's 5, 10, 15, 20, or 50, because he could have said if the guidelines were 100 years, the judge could have said 100 years. And if that's the case, then I would suggest on a record like this that's an irrational There's no rationality for that decision. The other way to frame it is if you have You see, we have these guidelines, right? Yes. And the Supreme Court has said they're unconstitutional, but we need to look at them as a starting point, right? Yes. And this sentence falls within the guidelines. Now, the trial judges had their discretion taken away from them 30 years ago. You understand that? Yes. Okay. You're old enough to know that. I was there. Okay. So there we are. And here are 360 months. It's a long, long time for this type of conduct. But what the sentence eventually is going to be depends a lot on the prosecutor. You understand that? Yes. Okay. So as long as you fall within the guidelines. Now, if the judge wants to go above the guidelines or below the guidelines, then he has to set out all these reasons. So we make it a little complicated for the judge to do that. So the best thing you can do is support your local legislator, your congressman, your senator, and try to get it changed. That's where we are. Or you could bring a taxpayer's claim and say, he's going to be repatriated at the end of his sentence. Why should we feed him for 30 years in the United States? Yeah. It cost us 36 years, probably $30,000 a year. That's almost a million dollars to feed him. Better off give him a one-way first-class ticket somewhere. It's a million dollars. And at least 10 years of rations. So that's it. But anyway, you're from Ashland? Yes, I am. I'll be there in a couple weeks. Good. You're not one of the actors there, are you? No, I'm not. Just here. No, no, it's a great place. Judge Preggerson will be playing Othello. No. How about Henry III? All right. Thanks a lot. Thank you. All right. This matter. You've got the government here. Oh, sure. I'm happy to sit down, Your Honor. May it please the Court, my name is Amy Potter, and I represent the United States. In terms of the sentence here, I think the district court considered all the factors. Did you handle a case for the government? I did not, Your Honor. They rarely send a person up who handles a case. That may be true, Your Honor. I enjoy doing these, so this is what I enjoy. But the district court specifically considered the career offender issue and indicated in fact that he believed that not every third-time drug dealer was a career offender, but he believed defendant was. And this was the trial judge in this case. He had heard all of the recorded undercover conversations with the informant. He had an opportunity to see the defendant testify at trial and testify twice in pretrial hearings. He'd also had an opportunity to review the defendant's record. I think that the district court properly exercised his discretion and selected a sentence within the guideline range, and that was an appropriate sentence here. My colleague did not have the opportunity to address the other two issues related to competency and search warrant issues. Certainly we would submit that the district court properly ordered a competency evaluation of the defendant and withheld judgment on defendant's motion for self-representation until competency was determined. Once defendant was determined competent, he then indicated he wanted to work with counsel. That kind of waiver has been held to be a request for counsel, and the district court properly held him to want counsel and appointed counsel for him. In terms of the search ---- He said he'd stick with his lawyer. He said he wanted to stick with his lawyer. Yes, he did, Your Honor. The defense counsel didn't argue those points, so there's nothing to rebut. No, Your Honor. So if the Court does not have any further questions, I would ---- You have a very nice smile. Thank you, Your Honor. Thank you.
judges: Goodwin, Pregerson, M Smith, Cjj